JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PERRY,<br><br>      Plaintiff,<br><br>  v.<br><br>NP PARC CHATEAUX, LLC, et al.,<br><br>      Defendants. | Case No. 2:22-cv-05378-FLA (MAAx)<br><br>**ORDER DISMISSING ACTION, DECLARING PLAINTIFF A VEXATIOUS LITIGANT, AND DENYING DEFENDANTS' EX PARTE APPLICATION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT [DKTS. 9, 15, 43]** |

## BACKGROUND

On August 2, 2022, Plaintiff Michael (Moshe) Perry ("Plaintiff") filed the Complaint in this action and a Motion for Temporary Restraining Order and Preliminary Injunction ("TRO Motion"). Dkts. 1, 3. Plaintiff asserts claims against multiple Defendants, including NP Parc Chateaux, LLC ("Parc Chateaux"), Los Angeles County Sheriff Alex Villanueva, in his individual and official capacities ("Villanueva"), and the California state courts, in connection with Plaintiff's eviction from an apartment complex owned by Parc Chateaux (the "Premises"). Dkt. 1 ("Compl.").

This is the fourth action Plaintiff has either filed in or removed to the Central District of California, challenging Plaintiff's eviction from the Premises. The prior actions were: (1) *NP Parc Chateaux, LLC v. Moshe Perry*, 2:20-cv-01207-DSF (SKx) ("Case 20-1207"); (2) *NP Parc Chateaux, LLC v. Moshe Perry*, 2:20-cv-02346-JFW (PJWx) ("Case 20-2346"); and (3) *Michael (Moshe) Perry v. Sheriff Alex Villanueva*, 2:20-cv-07622-CJC (SKx) ("Case 20-7622"). Each of these prior actions was remanded or dismissed for lack of subject matter jurisdiction, with the courts' rulings affirmed by the Ninth Circuit.

As stated in the court's August 4, 2022 Order, Dkt. 9, this court likewise finds it lacks subject matter jurisdiction over the subject action, Case No. 2:22-cv-05378-FLA (MAAx). Plaintiff's Complaint makes clear he seeks federal court review of state court rulings. *See, e.g.*, Compl. ¶¶ 47-61 (stating the California Court of Appeal and California Supreme Court ignored his arguments in ruling against him); *id.* ¶ 58 (stating "[t]he State of California [S]uperior Court in Chatsworth; the California Supreme Court; the Second Appellate Court of Appeal; and the Appellate Division of the Superior Court all engaged in wide spread procedural fraud and deception on the federal court system…").

On August 4, 2022, the court Ordered Plaintiff to Show Cause ("OSC") in writing, by August 26, 2022, why the court should not dismiss the entire action for lack of subject matter jurisdiction, and why the court should not declare Plaintiff a vexatious litigant and direct the Clerk of the Court not to accept further filings from Plaintiff without written authorization from a District Judge or a Magistrate Judge of the Court, pursuant to Local Rule 83-8, or impose other prefiling requirements similar to those of California Code of Civil Procedure § 391.7.[1] Dkt. 9 at 3. Plaintiff did not

---

[1] *See* Local Rule 83-8.4 ("[T]he Court may, at its discretion, proceed by reference to the Vexatious Litigants statute of the State of California, Cal. Code Civ. Proc. §§ 391 - 391.8.").

2

respond timely. Accordingly, on September 12, 2022, the court dismissed the action and declared Plaintiff a vexatious litigant. Dkt. 10.

On September 26, 2022, Plaintiff submitted a Motion, requesting the court vacate and set aside the September 12, 2022 Order. Dkt. 14. Plaintiff stated he submitted a response to the court's OSC and Motion to Disqualify, on or around August 18, 2022, and accused the court of discriminating against him by refusing to file his papers. *Id.* at 5.

On October 5, 2022, the court reopened the action, finding Plaintiff had mailed his response to the OSC to the wrong address and that his conduct constituted mistake, inadvertence, surprise, or excusable neglect under Fed. R. Civ. P. 60(b)(1), sufficient to warrant relief from the court's September 12, 2022 Order. Dkt. 15 at 3-4. Accordingly, the court vacated the September 12, 2022 Order and the instruction to the Clerk deeming Plaintiff a vexatious litigant, and stated the court would issue a new ruling on the OSC after considering Plaintiff's response to the OSC. *Id.* at 4. The court further accepted Plaintiff's intended Motion to Disqualify as a filed Motion, and referred the matter to another District Judge for determination, and stated it would delay issuing a ruling on the August 4, 2022 OSC until after Plaintiff's Motion to Disqualify was resolved. Dkt. 15 at 4.

Plaintiff's Motion to Disqualify was referred to District Judge Dolly M. Gee for determination by the Clerk of the Court. Dkt. 16. On October 17, 2022, Judge Gee denied Plaintiff's request for disqualification, finding disqualification of this court was not appropriate. Dkt. 17 at 3.

As Plaintiff's Motion to Disqualify has been resolved, the court considers Plaintiff's response to the OSC on its merits.

## ORDER TO SHOW CAUSE

I.  **Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial

3

decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). "Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits." *Cement Masons Health & Welfare Tr. Fund v. Stone*, 197 F.3d 1003, 1008 (9th Cir. 1999). Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff contends this court has subject matter jurisdiction over the action because Plaintiff has pleaded valid claims against the California Supreme Court challenging the constitutionality of California's vexatious litigant statutes. Dkt. 14 at 5 (citing *Ex Parte Young*, 209 U.S. 123 (1908)); Dkt. 14-1 at 1, 7.[2] Plaintiff's sixth and nineteenth claims allege the California Supreme Court violated the due process and equal protection clauses of the Fourteenth Amendment by declaring him a vexatious litigant and limiting his right of access to the courts. *See* Compl. at 33, 57.

The Ninth Circuit has held California's vexatious litigant statutes are constitutional and do not violate the due process or equal protection clauses of the Fourteenth Amendment. *Wolfe v. George*, 486 F.3d 1120, 1124-27 (9th Cir. 2007) (affirming dismissal of plaintiff's constitutional challenges to California's vexatious litigant statutes on all grounds); *id.* at 1126 ("[T]he California vexatious litigant statute does not deprive [a plaintiff] of the opportunity to vindicate a fundamental right in court"). Plaintiff cited *Wolfe*, 486 F.3d 1120, in the Complaint, which

---

[2] The court cites Plaintiff's response (Dkts. 14, 14-1, 14-2) by the page numbers added by the CM/ECF system rather than any page numbers within these documents.

4

demonstrates he was or should have been aware of the Ninth Circuit's ruling on this issue as of the filing of the Complaint. *See* Compl. ¶¶ 112, 250. Plaintiff's sixth and nineteenth claims, thus, fail as a matter of law and are frivolous. *See id.*

Next, Plaintiff argues the court has subject matter jurisdiction under 28 U.S.C. § 1447(c), because the prior district courts' remand orders were procedurally defective and insufficient to remand Cases 20-1207 and 20-2346 to the state courts. Dkt. 14-1 at 17-19.[3] The federal district courts' subject matter jurisdiction is set forth in 28 U.S.C. §§ 1330 through 1369. Even if the remand orders in the prior actions had not been properly transmitted to the state courts as Plaintiff contends, 28 U.S.C. § 1447(c) does not provide an independent basis for this court to exercise subject matter jurisdiction over Plaintiff's claims. Plaintiff's argument, thus, fails.

In sum, the court finds Plaintiff has not identified any non-frivolous bases for the court to exercise subject matter jurisdiction over this action. The court, therefore, DISMISSES the action for lack of subject matter jurisdiction.

## II. Whether Plaintiff Should Be Declared a Vexatious Litigant

With respect to the question of whether Plaintiff should be declared a vexatious litigant, Plaintiff does not deny that he engaged in the conduct identified in the court's August 4, 2022 OSC. *See* Dkt. 9 at 2-3. Instead, Plaintiff appears to argue that his repeated attempts to bring his claims in this court were justified because he disagrees with the prior courts' rulings and believes the prior actions were not properly remanded to state court. *See* Dkt. 14-1 at 8-14. Plaintiff's disagreement with prior

---

[3] Plaintiff contends the district court maintained its jurisdiction over Cases 20-1207 and 20-2346 because the Clerk of this court did not mail a certified copy of the remand orders to the clerk of the state court, as required by 28 U.S.C. § 1447(c). Dkt. 14-1 at 8-14. The dockets for those cases clearly demonstrate the Clerk of this court mailed certified copies of the remand orders to the Clerk of the state courts in compliance with 28 U.S.C. § 1447(c). Case No. 2:20-cv-01207-DSF (SKx), Dkts. 14, 18; Case No. 2:20-cv-02346-JFW (PJWx), Dkts. 8, 9. Plaintiff's argument lacks merit.

courts' rulings or the validity of the remand orders does not constitute valid grounds to attempt repeatedly to bring his claims in federal court, when he has been told on multiple, prior occasions by three District Judges and the Ninth Circuit that the federal courts lack subject matter jurisdiction over his claims. Plaintiff's first argument, thus, fails.

Plaintiff next contends it is improper for this court to declare him a vexatious litigant and impose prefiling requirements similar to those imposed by Cal. Code Civ. Proc. § 391.7(c), because he has stated a valid constitutional challenge to that statute. Dkt. 14 at 5; Dkt. 14-1 at 1, 25. As stated, the Ninth Circuit has held that California's vexatious litigant statutes are constitutional and do not violate the due process or equal protection clauses of the Constitution. *Wolfe*, 486 F.3d at 1125-27. As Plaintiff cited the Ninth Circuit's ruling in the Complaint, Compl. ¶¶ 112, 250, Plaintiff either knew or should have known of the Ninth Circuit's holding before filing the subject action. Plaintiff's second argument also fails.

Plaintiff additionally argues it would be improper for this court to declare him a vexatious litigant since the court has found it lacks subject matter jurisdiction over the action. Dkt. 14 at 6. "[I]t is well established that a federal court may consider collateral issues after an action is no longer pending," including "the determination of a collateral issue: whether [a party] has abused the judicial process, and, if so, what sanction would be appropriate." *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992). "Such an order implicates no constitutional concern because it 'does not signify a district court's assessment of the legal merits of the complaint.' It therefore does not raise the issue of a district court adjudicating the merits of a 'case or controversy' over which it lacks jurisdiction." *Id.*

This court may properly consider and rule on whether Plaintiff has abused the judicial system by repeatedly filing frivolous actions, despite multiple federal courts having determined they lacked subject matter jurisdiction over Plaintiff's claims. *See id.*; *Wolfe*, 486 F.3d at 1125 n. 12 ("We recognize that there is strong precedent

6

establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." (quotation marks and citations omitted)).  Plaintiff's third argument, thus, fails.

In sum, Plaintiff does not deny he repeatedly filed the same claims in or removed these claims to this district court, despite having been told by multiple District Judges and the Ninth Circuit that this federal court lacks subject matter jurisdiction over his claims.  As Plaintiff fails to establish he had non-frivolous grounds to justify his conduct, the court DECLARES Plaintiff a vexatious litigant.

## CONCLUSION

For the aforementioned reasons, the court ORDERS as follows:

1. This action is DISMISSED for lack of subject matter jurisdiction. Plaintiff's Request to Supplement the Complaint (Dkts. 33, 34) is DENIED as moot.

2. The court DECLARES Plaintiff Michael (Moshe) Perry a vexatious litigant and DIRECTS the Clerk of the Court not to accept further filings from Plaintiff without payment of all applicable court fees <u>and</u> written authorization of a District Judge or a Magistrate Judge of the Court, issued upon such showing of the evidence supporting the claim as the Judge may require.  *See* Local Rule 83-8.  Any such filing received by the Clerk of the Court shall be assigned to a Judge pursuant to the Court's standard case assignment procedures, but shall not be docketed unless the assigned Judge issues an order authorizing the filing.

3. If the Clerk mistakenly files an action by Plaintiff without such written authorization, any party may file with the Clerk and serve on Plaintiff and the other parties a notice stating Plaintiff is a vexatious litigant subject to a prefiling order as stated herein.  *See* Cal. Code Civ. Proc. § 391.7(c).  The filing of the notice shall automatically stay the litigation, and the litigation

      shall be dismissed forthwith unless Plaintiff, within ten (10) days of the filing of that notice, obtains an order from the Judge presiding over that action permitting the filing of the litigation. *See id.* If a Judge issues an order permitting the filing, the stay of litigation shall remain in effect and the defendants need not plead or file a response until 10 days after the defendants are served with a copy of the order. *See id.*

4. For purposes of this Order, "litigation" includes any petition, application, complaint, or motion aside from a response to a complaint, petition, or application filed against Plaintiff. This Order shall not prevent Plaintiff from defending against or responding to any litigation filed against him in state or federal court.

5. This Order shall not prevent Plaintiff from filing an appeal of this ruling or impose any additional prefiling requirements on any such appeal that may be filed.

6. Defendants Kevin DeRosa, Christina Romero, NP Parc Chateaux, LLC, NP Parc Chateaux, Inc., and Greystar Real Estate Partners, LLC's Ex Parte Application for Extension of Time to Answer or Otherwise Respond to Complaint (Dkt. 43) is DENIED as moot.

IT IS SO ORDERED.

Dated: February 16, 2023

                                       FERNANDO L. AENLLE-ROCHA
                                       United States District Judge