**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL MOSHE PERRY, | No. 23-55211 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-05378-FLA-MAA |
| v. | |
| NP PARC CHATEAUX, LLC, and Incorporated; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted March 26, 2024**

Before:    TASHIMA, SILVERMAN, and KOH, Circuit Judges.

Michael Moshe Perry appeals pro se from the district court's judgment dismissing his action alleging claims related to his eviction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under the *Rooker-*

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

The district court properly dismissed Perry's action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because Perry's claims are a "de facto appeal" of a prior state court judgment or are "inextricably intertwined" with that judgment. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) ("[The] *Rooker-Feldman* [doctrine] prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."); *Noel*, 341 F.3d at 1163 ("It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court."); *see also Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (explaining that *Rooker-Feldman* bars "inextricably intertwined" claims where federal adjudication "would impermissibly undercut the state ruling on the same issues" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in declaring Perry a vexatious litigant and entering a pre-filing review order against him because all of the requirements were met. *See Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (setting forth standard of review and requirements

for pre-filing orders).

The district court did not abuse its discretion in denying Perry's motion to disqualify the district court judge because Perry failed to show extrajudicial bias or prejudice. *See Thomassen v. United States*, 835 F.2d 727, 732 (9th Cir. 1987) (setting forth standard of review and requirements to prevail on a disqualification motion).

The district court properly denied as moot Perry's motion to supplement the complaint, as well as the motion for an extension of time to answer or otherwise respond to the complaint filed by NP Parc Chateaux, LLC, NP Parc Chateaux, Inc., Kevin Derosa, Christina Romero, and Greystar Real Estate Partners, LLC, because the action had already been dismissed. *See Rocky Mountain Farmers Union v. Corey*, 913 F.3d 940, 949 (9th Cir. 2019) (standard of review).

We do not consider arguments raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Perry's motion to file an oversized reply brief (Docket Entry No. 38) is granted. The Clerk will file Perry's reply brief received at Docket Entry No. 40.

All other pending motions and requests are denied.

**AFFIRMED.**